UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,

     Plaintiff,

v.                                       Case No. 3:21cv710-LC-HTC

UNKNOWN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward L. Baskin commenced this action by delivering to prison mail officials on April 19, 2021, a *pro se* civil rights complaint seeking to assert claims under to 42 U.S.C. § 1983.[1] ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On April 19, 2021, Plaintiff filed a civil rights complaint on forms from the Middle District of Florida. ECF Doc. 1. Not only was Plaintiff's complaint not on

---

[1] On or about the same date Plaintiff filed eighteen (18) other cases in this District.

this Court's required forms, but it was also unaccompanied by a completed motion to proceed *in forma pauperis* or the $402.00 filing fee as required by Local Rule 5.3. *See* N.D. Fla. Loc. R. 5.3 ("A party who files . . . a civil case must *simultaneously* either pay any fee required . . .  or move for leave to proceed *in forma pauperis*" (emphasis added)).  Thus, on April 23, 2021, the Court directed Plaintiff to file an amended complaint and to either pay the filing fee or submit a completed motion to proceed *in forma pauperis* within the required time.  ECF Doc. 3.

Rather than complying with the Court's directives, Plaintiff filed two identical and nonsensical motions titled "motion to access courts without sale, denial or delay." ECF Docs. 3, 4.  The Court denied the motions and extended Plaintiff's time to file an amended complaint and motion to proceed *in forma pauperis* or pay the filing fee.  ECF Doc. 5.   Despite the extension, Plaintiff did not comply with the Court's orders.

Thus, on June 7, 2021, the Court entered a show cause order, giving Plaintiff fourteen (14) days to show cause why the case should not be recommended for dismissal. ECF Doc. 6.  On June 21, 2021, Plaintiff delivered a response to the show cause order to Lake Correctional Institution ("Lake CI") mail officials.  ECF Doc. 7.  In Plaintiff's "Reply to Show Cause of Action," he asserts prison officials are "intentionally interfer[ing]" with his "access to the Courts" and seeks to "proceed this case pursuant to sovereignty under Fla. Const. Art. 1. Section 12."  ECF Doc. 7

at 1.  Although Plaintiff references grievances being filed, he attaches none to the Reply.

Plaintiff's Reply is not the first time Plaintiff has lodged unsubstantiated allegations against prison officials for his failure to comply with this Court's orders. In the "motion to access courts without sale, denial or delay" that Plaintiff filed in this case, as well as in numerous other cases in this District, Plaintiff alleged he was unable to request and receive from the classification officer a complete financial certificate and printout of his inmate account statement and that the officer was "retaliating and intentionally obstructing justice in the existence of depriving [him] of necessary documents to proceed in forma pauperis." *See id.*

When the undersigned denied the motions in this case (and also in each of Plaintiff's cases assigned to the undersigned), the undersigned specifically advised Plaintiff he had not provided any evidence he had exhausted the issue raised with the institution or the FDOC, and further that the Court's rules require Plaintiff to file a motion to proceed *in forma pauperis* "simultaneously" with the complaint.  ECF Doc. 5; N.D. Fla. Loc. R. 5.3.  Despite having been told he needs to provide evidence of any interference by prison officials and of his obligation to have sought indigency status at the time of filing the complaint, however, Plaintiff nonetheless insists on being able to proceed without complying with this Court's orders or rules.

Although it is not atypical for the Court to allow a plaintiff to submit a completed application to proceed *in forma pauperis* after a complaint is filed, there is no indication in this case that Plaintiff intends to comply with his obligation or that he can or will provide proof to the Court of why he cannot comply with this obligation. The Court notes, in particular, that since April 21, 2021, Plaintiff has filed at least twenty-seven (27) complaints in this District, five (5) of which were filed after June 1, 2021, and naming at least 140 total defendants. Aside from just one case, *Baskin v. Guyton*, 321cv601-MCR-HTC, where Plaintiff filed an incomplete *in forma pauperis* motion, Plaintiff did not file a motion to proceed *in forma pauperis* or pay the filing fee at the time of filing in any of his twenty-seven (27) cases.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with

the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Indeed, on these same grounds, District Judge Rodgers adopted the undersigned's report and recommendation for a *sua sponte* dismissal in *Baskin v. White*, 3:21-cv-825-MCR-HTC, ECF Doc. 4, over the Plaintiff's objection, *id.*, ECF Doc. 3.  The same disposition is appropriate here.

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2.    The clerk be directed to close the file.

Done at Pensacola, Florida, this 30th day of June, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.